## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

|  |  |
|---|---|
| MARNIE GLOVER,<br>Individually, and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERRERO USA, INC.,<br><br>Defendant. | Case No.<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Marnie Glover (hereinafter, "Plaintiff"), Alabama resident, brings this class action complaint against Defendant Ferrero USA, Inc. (hereinafter, "Ferrero" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who purchased Defendant's Nutella® brand hazelnut spread ("Nutella") at any time from January 1, 2008 to the present (the "Class Period").  Plaintiff's allegations against Defendant are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over this class action under 28 U.S.C. §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), provides federal courts original jurisdiction over any class action in which any member of a class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the

sum of $5 million, exclusive of interest and costs.  Plaintiff seeks certification of a class of all persons who purchased Nutella from January 1, 2008 to the present.  Such persons reside in the 50 United States and the District of Columbia.  Defendant is a citizen of New Jersey and/or Delaware.  The amount in controversy, exclusive of interest and costs, exceeds $5 million.

2.      The Court has personal jurisdiction over Defendant because Defendant Ferrero is headquartered in Somerset, New Jersey and thus has sufficient minimum contacts with this District and New Jersey.  Additionally, jurisdiction is also appropriate as Defendant Ferrero otherwise intentionally avails itself of the New Jersey market through its marketing and sales of the products in the state of New Jersey and/or by having such other contacts with New Jersey so as to render the exercise of jurisdiction over it by the New Jersey courts consistent with traditional notions of fair play and substantial justice.

3.      Venue is proper pursuant to 28 U.S.C. §1391(a) because Ferrero is headquartered in this District and its principal offices and marketing department are located in this District and because the Court has personal jurisdiction over Defendant.

4.      No other forum would be more convenient for the parties and witnesses to litigate this action.

5.      New Jersey law applies to all claims set forth in this Complaint as Defendant Ferrero is a New Jersey resident, Defendant's principal offices are located in this District, a substantial part of the development of the advertising and marketing giving rise to the claims occurred in this District and all of the misconduct alleged herein was contrived, implemented, and has a shared nexus within New Jersey.

## II.      NATURE OF THE ACTION

6.      This is a putative class action on behalf of a nationwide class seeking redress for Defendant's deceptive practices in its marketing and advertising of Nutella during the Class Period.

7.      Consumers are increasingly health conscious and, as a result, many consumers are interested in healthier food alternatives for themselves and their families.

8.     Nutella is deceptively marketed, advertised, and sold to Plaintiff and the other Class members as a "healthy" and "nutritious" food.

9.     The central message of Defendant's marketing and advertising is that Nutella is a "wholesome" food product and can be served as part of a "balanced" and "nutritious breakfast."

10.     In Nutella's marketing and advertising, Defendant omits that the nutritional value claimed, if any, is not derived from Nutella, but is instead derived from other foods or drinks (*e.g.*, whole grain breads, fruit and milk) which are advertised to be consumed along with Nutella.

11.     Defendant's claims regarding Nutella are false and misleading because they omit that Nutella contains high levels of saturated fat, the consumption of which has been shown to increase the blood cholesterol levels.  High levels of cholesterol have been shown to increase one's risk of hardening of the arteries, heart attack and stroke.

12.     Defendant's claims regarding Nutella are also false and misleading because they omit that Nutella contains over 55% processed sugar, the consumption of which has been shown to cause type 2 diabetes and other serious health problems.

13.     Indeed, the serving size, 2 tablespoons, contains 200 calories, 11 grams of fat -- 3.5 of which are saturated fat (18% of your daily recommended value) -- and 21 grams of sugar.

14.     As a result of its deceptive marketing and advertising, Defendant has generated substantial revenues from the sale of Nutella.

### III.     PARTIES

15.     Plaintiff Glover is a citizen of Alabama.

16.     During the Class Period, Plaintiff purchased Nutella products. Prior to purchasing Nutella, Plaintiff viewed and specifically relied upon the representations made by Defendant on the product's packaging and in television and printed advertisements regarding Nutella.

17.     Defendant Ferrero is organized and existing under the laws of Delaware, with its corporate headquarters and principal place of business located at 600 Cottontail Lane, Somerset, New Jersey.  Ferrero is a citizen of either New Jersey and/or Delaware.

18.     Ferrero was and is doing business within this Judicial District.

19.     Defendant, upon becoming involved with the manufacture, distribution, advertising, marketing and sale of Nutella, knew or should have known that Defendant's representations regarding Nutella were false and misleading.

## IV.     ALLEGATIONS OF FACT

20.     Ferrero has engineered a marketing campaign focused on the representation of Nutella as a component of a balanced and nutritious breakfast.

21.     As described herein, Defendant's Class Period representations on the Nutella label and in advertisements regarding Nutella are misleading because they:

(a)     omit that Nutella contains high levels of saturated fat, the consumption of which has been shown to cause heart disease and other serious health problems;

(b)     omit that Nutella contains over 55% processed sugar, the consumption of which has been shown to cause type 2 diabetes and other serious health problems;

(c)     omit that sugar and modified palm oil are the primary ingredients in Nutella;

(d)     omit that there is an artificial ingredient, vanillin, in Nutella; and/or

(e)     omit that the nutritional value claimed, if any, is not derived from Nutella, but is instead derived from other foods or drinks (*e.g.*, whole grain breads, fruit and milk) which are advertised to be consumed along with Nutella.

**A.     Defendant's Misrepresentations and Omissions on the Nutella Label**

22.     Throughout the Class Period, Defendant stated on the Nutella label that Plaintiff and the Class should "Start your day with Nutella spread," and that it is "An example of a tasty yet balanced breakfast," associating the product with milk, whole wheat bread, and orange juice.



23.     Plaintiff, during each purchase of Nutella, read and relied upon these statements and the depiction on the Nutella label.

24.     The label is misleading because it omits that: (a) the "balanced breakfast" is derived from the other foods or drinks which are depicted on the label; (b) Nutella contains high levels of saturated fat; and (c) Nutella contains over 55% processed sugar.

25.     Plaintiff purchased Nutella reasonably believing, based on Defendant's representations and omissions, that, indeed, Nutella was a nutritious complement to a balanced breakfast, *i.e.*, was itself nutritious and balanced, which it is not.

**B.     Defendant's Misrepresentations and Omissions in Television Advertising**

26.     During the Class Period, Defendant caused a television commercial, which made the following representations, to air nationally.



27.   The commercial begins as a mother reaches into a cabinet and grabs a jar of Nutella.

28.   Mother: "As a mom I'm a great believer in Nutella as part of a nutritious breakfast."

29.   "As a teacher, I see the results of a healthy breakfast every day."

30.   The words "Preservatives" and "Artificial Colors" appear and then are crossed out on the screen.

31.   This commercial is false and misleading in that it implies that Nutella is a nutritious choice for breakfast by depicting the product with multigrain toast and milk.

32.   This commercial is false and misleading in that it omits that: (a) the "nutritious" and "healthy" qualities of the breakfast are derived from the other foods or drinks which are depicted on the commercial; *e.g.*, toast and milk; (b) Nutella contains high levels of saturated fat; and (c) Nutella contains over 55% processed sugar; (d) sugar and palm oil are the primary ingredients; and (e) Nutella contains artificial flavoring when indicating that there are "artificial colors or preservatives" in the product.

33.   Consumers, such as Plaintiff and the Class, reasonably relied upon these statements in the Nutella commercial to mean that: (a) indeed, Nutella was a nutritious

complement to a balanced breakfast, *i.e.*, was itself nutritious and balanced, which it is not, and (b) Nutella was made with quality, natural ingredients.

34.     During the Class Period, Defendant caused a television commercial, which made the following representations, to air nationally.



35.     The commercial begins as children and a dog are running around the house.

36.      Child: "Mom!"

37.     Narration: "Mother says she needs all the help she can get with breakfast in her house.  She uses Nutella on Multi-grain toast and even whole wheat waffles.  Nutella is made with simple quality ingredients, such as hazelnut, skim milk and a hint of cocoa."

38.     The words "No artificial colors or preservatives" appear on the screen.

39.     This commercial is false and misleading in that it implies that Nutella is a nutritious choice for breakfast by depicting the product with multigrain toast and orange juice.

40.     This commercial is false and misleading in that it omits that: (a) Nutella contains high levels of saturated fat; and (b) Nutella contains over 55% processed sugar; (c) sugar and palm oil are the primary ingredients; and (d) Nutella contains artificial flavoring when indicating that there are "artificial colors or preservatives" in the product.

41.    Consumers, such as Plaintiff and the Class, reasonably relied upon these statements in the Nutella commercial to mean that: (a) indeed, Nutella was a nutritious complement to a balanced breakfast, *i.e.*, was itself nutritious and balanced, which it is not, and (b) Nutella was made with quality, natural ingredients.

42.    During the Class Period, Defendant caused a television commercial, which made the following representations, to air nationally.



43.    The commercial begins as a woman is preparing breakfast.

44.    Woman: "When it comes to getting my family to eat breakfast, I could use all the help I can get."

45.    Narration: "Like Nutella, a delicious hazelnut spread.  It's perfect on multigrain toast, even whole wheat waffles, for a breakfast that her kids love and she feels good about serving. Nutella is made with simple quality ingredients like hazelnuts, skim milk and a hint of cocoa."

46.    The words "No artificial colors or preservatives" appear on the screen.

47.    This commercial is false and misleading in that it implies that Nutella is a nutritious choice for breakfast by depicting the product with multi-grain toast and orange juice.

48.    This commercial is false and misleading in that it omits that: (a) the "balance" is derived from the other foods or drinks which are depicted on the commercial; *e.g.* "Multi-grain

toast"; (b) Nutella contains high levels of saturated fat; and (c) Nutella contains over 55% processed sugar; (b) sugar and palm oil are the primary ingredients; and (d) Nutella contains artificial flavoring when indicating that there are "artificial colors or preservatives" in the product.

49.     Consumers, such as Plaintiff and the Class, reasonably relied upon these statements in the Nutella commercial to mean that: (a) indeed, Nutella was a nutritious complement to a balanced breakfast, *i.e.*, was itself nutritious and balanced, which it is not, and (b) Nutella was made with quality, natural ingredients.

**C.     Defendant's Misrepresentations and Omissions in Print Advertising**

50.     During the Class Period, Defendant caused a printed ad, which made the following representations, to be published in national magazines, such as *Parents*.



51.     The ad depicts a woman with her two children having breakfast and smiling.  The breakfast table contains milk, juice and snacks, along with a jar of Nutella.

52.     Text on white background reads: "A unique hazelnut spread made from wholesome ingredients such as roasted hazelnuts, skim milk and a hint of delicious cocoa.  More than 50 hazelnuts per 13 oz. jar.  Nutella … Breakfast never tasted this good!"

53.     The ad also makes the statement, "No artificial colors or preservatives."

54.     This ad is false and misleading in that it omits that: (a) Nutella contains high levels of saturated fat; (b) Nutella contains over 55% processed sugar; and (b) sugar and palm oil are the primary ingredients; and (c) Nutella contains artificial flavoring when indicating that there are "artificial colors or preservatives" in the product.

55.     Consumers, such as Plaintiff and the Class, reasonably relied upon the statements that Nutella was made with only "wholesome ingredients such as roasted hazelnuts, skim milk and a hint of delicious cocoa," which it is not.

56.     During the Class Period, Defendant caused a printed ad, which made the following representations, to be published in national magazines, such as *Parenting -- School Years*.



57.     The ad depicts a woman with her two children having breakfast and smiling.  The breakfast table contains milk, juice, fruit and multigrain bread, along with a jar of Nutella.

58.     Text on white background reads: "A unique hazelnut spread made from wholesome ingredients such as roasted hazelnuts, skim milk and a hint of delicious cocoa.  Use Nutella spread on all kinds of healthy foods – like multigrain toast – to add a touch of flavor and give your kids a tasty breakfast you can feel good about"

59.     The ad also makes the statement, "No artificial colors or preservatives."

60.     This ad is false and misleading in that it omits that: (a) Nutella contains high levels of saturated fat; (b) Nutella contains over 55% processed sugar; and (b) sugar and palm oil are the primary ingredients; and (c) Nutella contains artificial flavoring when indicating that there are "artificial colors or preservatives" in the product.

61.     Consumers, such as Plaintiff and the Class, reasonably relied upon the statements that Nutella was made with only "wholesome ingredients such as roasted hazelnuts, skim milk and a hint of delicious cocoa," which it is not.

62.     During the Class Period, Defendant caused a printed ad, which made the following representations, to be published in national magazines, such as *Woman's Day*.



63.     A woman with her two children is having breakfast and smiling.  The breakfast table contains milk, juice and snacks, along with a jar of Nutella.

64.     Text on white background reads: "Adding Nutella to your family's breakfast can make mornings a whole lot easier. That's because Nutella is a delicious hazelnut spread your kids will love.  Spread it on multigrain toast or even whole-wheat waffles, add a glass of milk and a serving of fruit, and turn a balanced breakfast into a tasty one, too."

65.     This ad is false and misleading in that it implies that Nutella is a nutritious choice for breakfast by depicting the product with nutritious breakfast foods such as multi-grain toast, milk, fruit and orange juice.

66.     This ad is false and misleading in that it omits that: (a) the "balance" is derived from the other foods or drinks which are depicted in the ad; (b) Nutella contains high levels of saturated fat; and (c) Nutella contains over 55% processed sugar; and (d) sugar and palm oil are the primary ingredients.

67.     Consumers, such as Plaintiff and the Class, reasonably relied upon the statements that Nutella was a nutritious complement to a balanced breakfast, *i.e.*, was itself nutritious and balanced, which it is not.

### D.     Plaintiff's Delayed Discovery of the False and Misleading Nature of Defendant's Representations Regarding Nutella

68.     Plaintiff was a reasonably diligent consumer looking for products that were generally healthy and nutritious.  Nevertheless, Plaintiff did not discover that Ferrero's labeling of Nutella was false, deceptive, or misleading until January 2011.

69.     Plaintiff was unaware that the nutritional and "balanced" claims in Defendant's marketing and advertising were for the other foods depicted in the marketing and advertising, not Nutella, before that time.

70.     Plaintiff was unaware that Nutella contained artificial flavor before that time.

71.     Plaintiff was unaware of the health consequences of consuming Nutella before that time.

72.     Plaintiff is not a nutritionist, food expert, or food scientist; Plaintiff is a lay consumer who did not possess the specialized knowledge Ferrero had which otherwise would have enabled Plaintiff to see through Defendant's deceptive marketing and advertising or associate high levels of saturated fat and refined sugar with disease.

73.     Plaintiff, in the exercise of reasonable diligence, could not have discovered Ferrero's deceptive practices earlier because, like nearly all consumers, Plaintiff does not read scholarly publications or other materials describing the negative impact of consuming foods high in saturated fat and refined sugars.

### E.     Ascertainable Damages and Injury

74.     Plaintiff purchased Nutella believing it had the qualities Plaintiff sought based on its deceptive advertising and misrepresentations, but the product was actually unsatisfactory to Plaintiff for the reasons described herein.

75.     Nutella costs more than similar products without misleading advertisements and misrepresentations, and would have cost less absent the false and misleading statements.

76.     Plaintiff and members of the Class paid more for Nutella than they otherwise would have had they not been misled by the false and misleading advertisements and misrepresentations complained of herein.  Plaintiff and members of the Class would not have purchased Nutella at the prices they did, or would not have purchased Nutella at all, absent Defendant's false and misleading advertisements and misrepresentations.

77.     For these reasons, Nutella was worth less than what Plaintiff and members of the Class paid for it.

78.     Plaintiff and members of the Class were induced to and did purchase Nutella instead of competing products based on the false statements and misrepresentations described herein.

79.     Instead of receiving products that have the advantages inherent in being free of high levels of saturated fat and comprised of natural, healthy ingredients, Plaintiff and members of the Class received products that were comprised of highly refined, highly processed, nutritionally empty ingredients, artificial flavoring and dangerous levels of saturated fats.

80.     Plaintiff and members of the Class lost money as a result of Ferrero's deception in that they did not receive what they paid for.

81.     Plaintiff and members of the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for Nutella.

### V.     CLASS ALLEGATIONS

82.     Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following nationwide consumer class (the "Class"):

> All purchasers of Nutella beverages from January 1, 2008 to present. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

83.     The Class is sufficiently numerous, as it includes thousands of persons who have purchased Nutella products.  Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure.  The disposition of the Class members' claims in this class action will substantially benefit both the parties and the Court.

84.     The Class is readily ascertainable through Defendant's business records.  Notice can be provided to Class members by publication of notice by internet, radio, newspapers and magazines.

85.     There are questions of law and fact common to the Class for purposes of Federal Rule of Civil Procedure 23(a)(2).  Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class.  All Class members were and are similarly affected by having purchased Nutella for their intended and foreseeable purpose as promoted, marketed, advertised, packaged and labeled by Defendant as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiff and other members of the Class.

86.     Plaintiff asserts claims that are typical of the claims of the entire Class for purposes of Federal Rule of Civil Procedure 23(a)(3).  Plaintiff and all Class members have been subjected to the same wrongful conduct because they have purchased Nutella that does not possess the benefits that Defendant represents.  Plaintiff and the Class have thus all overpaid for Nutella and/or purchased Nutella that they otherwise would not have.

87.     Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).  Plaintiff has no interests antagonistic to those of other Class members.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent her.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

88.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.  Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class.

89.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class.  Among these common questions of law and fact are:

    (a)     whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of Nutella;

    (b)     whether Defendant represented that Nutella has characteristics, benefits, uses or qualities that it does not have;

    (c)     whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution and sale of Nutella violated the New Jersey Consumer Fraud Act;

    (d)     whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling and sale of Nutella breached their express and implied warranties to Plaintiff and the Class; and

    (e)     whether Defendant's conduct, as set forth herein, injured members of the Class and whether they have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be provided.

90.    Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct.  Because of the nature of the individual Class members' claims, few, if any, could or would otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore appropriate, the superior method of proceeding, and essential to the interests of justice insofar as the resolution of Class members' claims is concerned.  Absent a representative class action, Class members would continue to suffer losses for which they would have no remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other Class members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

## VI.    CLAIMS FOR RELIEF

### FIRST CLAM FOR RELIEF
**Violations of the New Jersey Consumer Fraud Act**

91.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

92.    Defendant is and has been a corporate citizen of the state of New Jersey throughout the Class Period.  Defendant conducts a significant amount of trade and commerce in New Jersey.

93.    Nutella is "merchandise" within the meaning of the Consumer Fraud Act.

94.    As described herein, Defendant's policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the New Jersey Consumer Fraud Act, which prohibits, in connection with the sale or advertisement of merchandise, the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact . . . ."

95.    Defendant consciously omitted to disclose material facts to Plaintiff and the Class with regard to Nutella in its advertising and marketing of the product.

96.    Defendant's unconscionable conduct described herein included the omission and concealment regarding Nutella in the product's advertising and marketing.

97.    Defendant intended that Plaintiff and the Class rely on Defendant's acts of omissions so that Plaintiff and the other Class members would purchase Nutella.

98.    Had Defendant disclosed all material information regarding Nutella in its advertising and marketing, Plaintiff and the Class would not have purchased Nutella or would have paid less for Nutella.

99.    The acts, omissions and practices of Defendant detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of,

*inter alia*, monies spent to purchase Nutella they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees and costs of suit.

100.    As a result, Plaintiff has suffered an ascertainable loss of moneys and pursuant to N.J. Stat. § 56:8-19 is entitled to threefold damages.

## SECOND CLAM FOR RELIEF
### Breach of Express Warranty

101.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

102.    Beginning at an exact date unknown to Plaintiff, but at least since three years prior to the filing date of this action, and as set forth herein, Defendant made representations to the public, including Plaintiff, by its advertising, packaging and other means, that Nutella is "an example of a tasty yet balanced breakfast," among other representations.  That promise became part of the basis of the bargain between the parties and thus constituted an express warranty.

103.    Thereon, Defendant sold the goods to Plaintiff and other Class members, who bought the goods from Defendant.

104.    However, Defendant breached the express warranty in that the goods were in fact not an "example of a tasty yet balanced breakfast," or healthy, as set forth in detail herein.  As a result of this breach, Plaintiff and other consumers in fact did not receive goods as warranted by Defendant.

105.    As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability

106.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

107.    Beginning at an exact date unknown to Plaintiff, but at least since three years prior to the filing date of this action, and as set forth herein, Defendant made representations to the Class, including Plaintiff, by its advertising, packaging and other means that Nutella is "an example of a tasty yet balanced breakfast," among other representations.  Plaintiff and the Class bought those goods from Defendant.

108.    Defendant was a merchant with respect to goods of this kind which were sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable.

109.    However, Defendant breached that warranty implied in the contract for the sale of goods in that Nutella is in fact not "an example of a tasty yet balanced breakfast" and is also not a "healthy" nor "nutritious" breakfast food, as set forth in detail herein.

110.    As a result of Defendant's conduct, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendant to be merchantable.

111.    As a proximate result of this breach of warranty by Defendant, Plaintiff and  the Class have been damaged in an amount to be determined at trial.

## VI. PRAYER

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Ferrero and the Defendant as follows, ON ALL CAUSES OF ACTION:

112.    An order declaring this action to be a proper class action and requiring Ferrero to bear the cost of class notice;

113.    An order enjoining Ferrero from:

A.    marketing Nutella as "[a]n example of a tasty yet balanced breakfast";

B.    marketing Nutella as "part of a nutritious breakfast";

C.    marketing Nutella as recommended or acceptable as a breakfast food; and

D.    marketing Nutella using the words "healthy", "wholesome," "balanced," "balanced nutrition" or "nutritious."

114.    An order compelling Ferrero to conduct a corrective advertising campaign to inform the public that its products contain unsafe amounts, of saturated fat at consumers' actual consumption levels.

115.    An order requiring Ferrero to disgorge or return all monies, revenues, and profits obtained by means of any wrongful act or practice.

116.    An order compelling Ferrero to destroy all misleading and deceptive advertising materials and products.

117.    An order requiring Ferrero to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the New Jersey Consumer Fraud Act, plus pre-and post-judgment interest thereon.

118.    Costs, expenses, and reasonable attorneys' fees.

119.    For damages in an amount to be determined at trial.

120.    For punitive damages.

121.    For all such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

DATED:  February 27, 2011                      s/ Carl Beckwith
                                               Carl Beckwith (CB 9044)
                                               BECKWITH & WOLF, LLP
                                               1 Closter Commons #181
                                               Closter, NJ 07624
                                               Telephone: 201-338-2833

                                               Christopher M. Burke
                                               Hal D. Cunningham
                                               SCOTT+SCOTT LLP
                                               707 Broadway, Suite 1000
                                               San Diego, CA 92101
                                               Telephone: 619-233-4565

Joseph P. Guglielmo
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: 212-223-6444

Greg Davis
GREG DAVIS, LLC
6987 Halcyon Park Drive
Montgomery, AL  36117
Telephone:  334/823-9080

*Attorneys for Plaintiff*