NOT FOR PUBLICATION [21, 42]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARNIE GLOVER and JAYME KACZMAREK, | : : : : | |
|  | : | Civil Action No. 11-1086(FLW) |
| Plaintiffs, | : : | |
| v. | : : | **OPINION** |
| FERRERO USA, INC. | : : | |
| Defendant. | : : | |

**WOLFSON, United States District Judge:**

The above-captioned matter comprises separate putative nationwide class action complaints filed by Marnie Glover ("Glover") and Jayne Kaczmarek ("Kaczmarek") (collectively referred to as "Plaintiffs"). The complaints filed by Plaintiffs set forth claims under New Jersey law concerning the advertising and marketing of Nutella, a hazelnut spread manufactured by Ferrero USA, INC. ("Ferrero" or "Defendant").[1] Presently before the Court are two motions to intervene in the New Jersey action filed by Athena Hohenberg ("Hohenberg") and Laura Rude-Barbato ("Rude-Barbato") (collectively referred to as "Proposed Intervenors"). Hohenberg and Rude-Barbato are plaintiffs in a putative nationwide class action pending in the Southern District of California that only asserts California causes of action against Ferrero concerning the advertising and marketing of Nutella ("the California action"). In the instant

---

[1]On September 6, 2011, the putative nationwide class action complaints filed by Glover – Civ. A. No. 11-1086 – and Kaczmarek – Civ. A. No. 11-4353 – were consolidated under Civ. A. No. 11-1086 ("the New Jersey Action") for purposes of discovery and trial.

motions, the Proposed Intervenors argue that they have the right to intervene in the New Jersey action for the purpose of dismissing the New Jersey action or transferring it to California; indeed, the Proposed Intervenors have expressed no interest whatsoever in litigating the New Jersey action. For the reasons that follow, the Proposed Intervenor Plaintiffs' motions are denied.

**I. BACKGROUND**

On February 1, 2011, Hohenberg filed a putative nationwide class action against Ferrero in the United States District Court for the Southern District of California alleging claims under California law relating to the advertising and marketing of Nutella. Thereafter, on February 4, 2011, Rude-Barbato filed a putative nationwide class action in the United States District Court for the Southern District of California alleging similar claims under California law. Rude-Barbato's complaint initially included a New Jersey statutory claim, however, the New Jersey claims were omitted from the consolidated complaint filed in the California action. In addition, the consolidated complaint filed in the California action sets forth a putative nationwide class period beginning January 1, 2000.

On or about February 27, 2011, just 3 weeks after Hohenberg filed the first action in the Southern District of California, Glover filed the instant action in the United States District Court for the District of New Jersey alleging nationwide class claims under New Jersey law related to the advertising and marketing of Nutella.[2] Specifically, Glover asserts claims for violations of

---

[2]The Court notes that there are at least two additional consumer class actions against Ferrero related to the marketing and advertising of Nutella: Metcalf v. Ferrero, USA, Inc., No 000367-11, Superior Court of New Jersey, Somerset County; and Patrick v. Ferrero U.S.A., Inc., No. 11-3361 (N.D.Cal.).

the New Jersey Consumer Fraud Act ("NJCFA") and for Breach of Express and Implied Warranties under New Jersey law. The Glover Complaint asserts a putative nationwide class period beginning January 1, 2008. On April 11, 2011, Glover filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") seeking centralization of the then-pending federal actions and transfer for pre-trial proceedings to the District of New Jersey.

On May 2, 2011, Proposed Intervenors filed the first Motion to Intervene to file a Motion to Dismiss in this Court. In that motion, Proposed Intervenors contend that their sole interest in the New Jersey action is in having the action dismissed or transferred to the Southern District of California. Indeed, Proposed Intervenors nowhere assert an interest in intervening in the New Jersey action for the purpose of litigating in New Jersey.

Subsequently, on July 26, 2011, Kaczmarek filed a Complaint in the United States District Court for the District of New Jersey alleging nationwide class claims under New Jersey law related to the advertising and marketing of Nutella. Specifically, Kaczmarek asserts claims for violations of the NJCFA, Breach of Express and Implied Warranties, Negligent Misrepresentation, Intentional Misrepresentation and for Injunctive and Declaratory relief. The Kaczmarek Complaint asserts a putative nationwide class period beginning January 1, 2008.

On August 16, 2011, the JPML denied Glover's motion for centralization. On September 6, 2011, this Court consolidated the individual actions filed by Kaczmarek and Glover, and, on September 9, 2011, Proposed Intervenors filed a second Motion to Intervene for the Purpose of Filing a Motion to Dismiss Pursuant to the First-filed Rule. Importantly, Proposed Intervenors' second Motion to Intervene was substantially similar to their initial motion to intervene in that Proposed Intervenors' stated interest in intervening is for the sole purpose of

dismissing the New Jersey action or transfer it to the Southern District of California.

**II. ANALYSIS**

Federal Rule of Civil Procedure 24 governs motions to intervene. Intervenor Plaintiffs argue that they are entitled to intervene under Fed.R.Civ.P. 24(a)(2) and that they should be permitted to intervene under Fed.R .Civ.P. 24(b)(1)(B). The Court will address each of these arguments in turn.

A.  Federal Rule of Civil Procedure 24(a)(2)

Federal Rule of Civil Procedure 24 provides in pertinent part: "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

The Third Circuit has interpreted Rule 24(a)(2) to require proof of the following four elements from the applicant seeking to intervene: first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation. Kleissler v. U.S. Forest Service, 157 F.3d 964, 969 (3d Cir. 1998); Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3d Cir. 1995); Development Fin.

Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 161-62 (3d Cir. 1995); United States v. Alcan Alum., Inc., 25 F.3d 1174, 1181 (3d Cir. 1994); Brody v. Spang, 957 F.2d 1108, 1115 (3d Cir.1992); Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987).  To justify intervention as of right, the applicant must have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable" and must be "a legal interest as distinguished from interests of a general and indefinite character." Mountain Top Condo. Ass'n, 72 F.3d at 366. (internal quotation marks and citation omitted).   The Third Circuit has, however, recognized that no "'precise and authoritative definition' of the interest that satisfies Rule 24(a)(2)" exists.  Kleissler, 157 F.3d at  969 (citation omitted).  Indeed, there is no "pattern that will easily support or defeat intervention in all circumstances."  Id. at 970.  Instead, in determining motions to intervene "courts should adhere to the 'elasticity that Rule 24 contemplates'" and "may examine pragmatic considerations."  Imable-Mayorga v. Labrie, Civ. No. 09-3567, 2010 WL 3259785, *2 (D.N.J. Aug.17, 2010) (quoting Kleissler, 157 F.3d at 970).  "Nonetheless, the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated . . . ." Kleisser, 157 F.3d at 972.

In the instant matter, Proposed Intervenors argue that they are entitled to intervene as of right in the New Jersey action under Fed. R. 24(a)(2) because: (1) their motions to intervene are timely; (2) they have a significantly protectable interest in intervening in this litigation for the purpose of dismissing or transferring the "duplicative" New Jersey action; (3) their interests may

5

be affected by the potential for inconsistent rulings; and (4) their interest will not be adequately represented by Plaintiffs.  Proposed Intervenors' ("PIs") First Moving Br. at 8, 10.

In response, Plaintiffs argue that the Proposed Intervenors do not have a sufficient interest in this litigation.[3]  Specifically, Plaintiffs note that the California action and the New Jersey action are not "duplicative" since the named plaintiffs are different, the classes are not identical and the causes of action are different.  In addition, Plaintiffs argue that the Proposed Intervenors' purported interests are too speculative, i.e., their interests cannot be impaired by this litigation because a class has not yet been certified in the California action, thus, Proposed Intervenors are merely seeking to intervene for the purpose of preventing any <u>potential</u> adverse rulings which <u>may</u> occur and <u>may</u> bind a class of consumers which Proposed Intervenors <u>may or may not</u> represent.  <u>See</u> Pl's Opp. at 11 (emphasis added).  Finally, Plaintiffs contend that they adequately represent the putative class alleged; specifically, Plaintiffs argue that because both parties seek relief from Defendant's allegedly deceptive marketing and advertising, their interests are aligned.  Moreover, Plaintiffs acknowledge that although the California action alleges a longer Class Period (January 1, 2000 to the present) than that alleged in the present action (January 1, 2008 to the present), the California complaint does not identify a single instance of deceptive marketing or advertising alleged to have taken place before January 1, 2008, the beginning date of the Class Period in this action.   Thus, Plaintiffs argue that Proposed Intervenors cannot intervene as of right under Rule 24(a)(2). For the reasons set forth below, the Court agrees.

---

[3]The Court notes that in response to the Proposed Intervenors' motions, Defendant states that it is taking "no position as to whether" the Proposed Intervenors "have the right to intervene in this case." Def's Resp. to Proposed Intervenors' second Motion to Intervene at 1.

1. Timeliness

Initially, the Court notes that neither Plaintiffs nor Defendant appear to dispute the timeliness of the Proposed Intervenors' intervention motion.  The timeliness of a motion to intervene is "'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of it sound discretion.'" In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir.1982) (citing NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973)). To determine whether an intervention motion is timely, the Third Circuit has listed three factors for courts to consider: (1) the stage of the proceedings; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.  In re Fine Paper Antitrust Litigation, 695 F.2d at 500.  Here, the first Motion to Intervene was filed on May 2, 2011, a little more than two months after Glover filed her Complaint in this Court.  Thus, the Court finds that the pending motions will cause no delay to the parties and, as a result, that the Proposed Intervenors have satisfied the first prong of Rule 24(a)(2).

2. Sufficient Interest in the Litigation

The second prong under Rule 24(a) requires the prospective intervenor to have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable" and must be "a legal interest as distinguished from interests of a general and indefinite character." Mountain Top Condo. Ass'n, 72 F.3d at 366 (internal quotation marks and citation omitted).  Generally speaking, "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." Id. at 366 (citing Alcan Aluminum, 25 F.3d at 1185 ("Some courts have stated that a purely economic interest is insufficient to support a

motion to intervene."); New Orleans Public Service, Inc. v. United Gas Pipe Line Co., 732 F.2d at 464 (en banc) ("It is plain that something more than an economic interest is necessary."). "Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Id.

In the instant matter, Proposed Intervenors contend that they have four cognizable interests in this litigation: "(1) the application of the first-to-file rule; (2) litigating in their forum of choice; (3) avoiding inconsistent rulings that might prejudice their action; and (4) avoiding delay, expense and waste from litigating duplicative actions." PIs' First Reply Br. at 8-9. In other words, the Proposed Intervenors' sole interest in this litigation is in the dismissal or transfer of this litigation; indeed, the Proposed Intervenors do not suggest that they have any interest in actually participating in the New Jersey litigation in a meaningful way. For the reasons set forth below, the Court finds that the Proposed Intervenors' interest in dismissal or transfer of this action is not sufficient to intervene as of right under Rule 24(a)(2).

Initially, Proposed Intervenors contend that they have an interest in intervening for the purpose of filing a Motion to Dismiss pursuant to the first-filed rule. Specifically, Proposed Intervenors argue that this matter is duplicative of the California action in that it contains "similar (but not identical) claims the Hohenberg Plaintiffs brought against Ferrero in California . . . Because the claims in the California action are sufficiently broad in scope to also include the narrow claims brought by the plaintiff in this action, the Hohenberg Plaintiffs have a significantly protectable interest in intervening here." PIs' First Moving Br. at 8. Thus, Proposed Intervenors contend that because Hohenberg filed her action against Ferrero on February 1, 2011 – 26 days before the Glover action was filed – the Court should apply the first-filed rule and dismiss this

case. The Court does not agree.

The first-filed rule is based on the principle that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988)(citations omitted). To be applicable, the Third Circuit has explained that "the later-filed case must be truly duplicative of the suit before the court . . . That is, the one must be materially on all fours with the other . . . The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other." Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 334 n.6 (3d Cir. 2007)(quotations and citations omitted). Importantly, however, the first-filed rule is "not rigidly applied nor absolute." Clean Harbors Inc., v. Acstar Ins. Co., Civ. No. 09-5175, 2010 WL 1930579, at *5 (D.N.J. May 12, 2010). Indeed, the Third Circuit has recognized that "District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying deaprture from the first-filed rule." EEOC, 850 F.2d at 971.

Applying the first-filed rule here, the Court finds that although the Proposed Intervenors filed their putative nationwide class action before the instant action, the actions are not truly duplicative. Indeed, the Court notes that the cases were only filed three weeks apart; thus, while technically the California action was filed first, the cases were filed chronologically close in time. Moreover, the Court notes that the named plaintiffs in the actions are different. Further, the Court notes that the class periods alleged in the two actions differ. As discussed above, the California action alleges a class period beginning January 1, 2000 while the New Jersey action alleges a class period beginning January 1, 2008. Finally, and most importantly, the California action sets forth nationwide class claims only under California law while the action before me

asserts nationwide class claims only under New Jersey law. Although this Court acknowledges that there may be some overlap in the claims asserted and the relief sought, the claims themselves are not duplicative. Indeed, the New Jersey action seeks to apply only New Jersey law to a nationwide class of customers who purchased a product manufactured by Ferrero, a New Jersey defendant. Thus, I find that the action before me is different than that pending in California, and, in the absence of a certified class in any of the pending actions or a choice of law analysis deciding which state's law should apply to a putative class or whether different states' laws could apply to different plaintiffs, the Court finds that the California and New Jersey actions are not truly duplicative for the purpose of applying the first-filed rule at this time.

Further, the Court finds Proposed Intervenors' reliance on Catanese v. Unilever to be inapposite. 774 F. Supp. 2d 684 (D.N.J. 2011). Initially, the Court notes that the Catanese action did not involve a motion to intervene. Instead, in Catanese, Unilver sought the application of the first-filed rule to transfer a later filed action from the District of New Jersey to the Northern District of California. There, unlike here, defendant, a party to the action, sought the application of the first-filed rule and the transfer of the later-filed action. Because Unilever, a defendant in both actions, clearly had a significant interest in the outcome of each of the litigations, that matter is distinguishable from the one before me. Moreover, in Catanese, the court expressly observed that "it would be an inequitable result if this case were transferred to California, only to be dismissed due to the Thurston plaintiffs' forum shopping. This would unfairly deprive the Catanese plaintiffs of their day in court and the opportunity to have the merits of their substantive claims evaluated." Id. at 691. As a result, the court transferred the New Jersey action to California but granted the plaintiffs leave to re-file if the California action was dismissed on

10

procedural grounds. Id.

Similarly, Abushalieh v. American Eagle Express, 716 F. Supp. 2d 361 (D.N.J. 2010), did not involve a motion to intervene. There, defendant, a party to the action, moved to dismiss the case under the first-filed rule. In Abushalieh, the court considered whether the first-filed rule was applicable to two putative collective actions under the Fair Labor Standards Act ("FSLA") where both sets of plaintiffs sought to represent the same group of delivery drivers. There, the court refused to dismiss the action and, instead, transferred the action to the Eastern District of Pennsylvania "where both similar federal actions are currently pending, where Defendant AEX is headquartered, and the forum referenced in the AEX driver form contract." Id. at 367.

Unlike Catanese and Abushalieh, neither Plaintiff nor Defendant in this action are seeking to dismiss or transfer pursuant to the first-filed rule. Instead, Proposed Intervenors, i.e., non-parties to the action, are seeking to intervene solely for the purpose of dismissing or transferring the case. Importantly, Propsed Intervenors have cited no case law to support the proposition that non-parties to an action whose only interest in the action is its transfer or dismissal may intervene for such a purpose. Moreover, the Court notes that unlike either Catanese or Abushalieh, Defendant in this matter, a New Jersey corporation, sought, unsuccessfully, to transfer the California action from the Southern District of California to this Court. Clearly, then, neither the Plaintiffs nor Defendant wish to proceed in California and Proposed Intervenors would be hard-pressed to argue that it is more convenient to litigate in California. For all these reasons, the Court finds that Proposed Intervenors' interest in dismissal or transfer of this action is not a sufficient interest in the litigation for purposes of Rule 24(a)(2).

In addition, the Court finds that Proposed Intervenors' other stated "interests" are not

significantly protectable.  For example, to the extent that Proposed Intervenors contend that they have an interest in litigating in California, their forum of choice, PIs' First Reply Br. at 8-9, the Court notes that the denial of Proposed Intervenors' motions in no way affects their ability to litigate the California action.  Moreover, at this early date, prior to the certification of a class in any of the several pending actions, see supra n. 3, that determines whether, indeed, there will be a nationwide class, let alone a choice of law analysis to determine which state's law will apply to a nationwide class or if different states' laws will apply to different plaintiffs, the likelihood of inconsistent rulings is remote.[4]   Finally, as discussed supra, the Court does not find these actions to be duplicative, especially in light of the distinct claims based on different states' laws set forth in each complaint; thus there is no delay, waste or expense to avoid at this time.  For all these reasons, the Court finds that Proposed Intervenor Plaintiffs have not satisfied the second prong of Rule 24(a)(2) and, therefore, the Court denies the Motions to Intervene as of Right.

B. Federal Rule of Civil Procedure 24(b)((1)(B)

Federal Rule of Civil Procedure 24(b)(1)(B) provides in relevant part that a "court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In addition, Rule 24(b)(3)

---

[4]That said, the Court acknowledges the potential for inconsistent rulings should, say, the Southern District of California certify a nationwide class and apply California law (the only possible law that could apply in the California action since the Proposed Intervenors only assert California causes of action).  But this Court questions whether California law could apply to a nationwide class when the plaintiffs are located throughout the country and Ferrero is located in New Jersey.  See In re Hitachi Television Optical Block Cases, No. 08-cv-1746, 2011 WL 9403, at * 4-10 (S.D. Cal. Jan. 3, 2011) (denying plaintiffs' motion to certify a nationwide class based upon only California causes of action).

requires that, "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, for the reasons set forth above, and, particularly, in light of the Proposed Intervenors' stated interest in only having this action dismissed or transferred, an interest which will clearly prejudice the rights of the existing parties in this action, the Court declines to permit the Proposed Intervenors to intervene.

### III. CONCLUSION

For the foregoing reasons, Proposed Intervenors' Motions to Intervene are DENIED. An appropriate Order will follow.


Dated: October 20, 2011                          /s/ Freda L. Wolfson
                                                 Freda L. Wolfson, U.S.D.J.