James E. Cecchi
Lindsey H. Taylor
Donald E. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Christopher M. Burke
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
(619) 233-4565

Joseph P. Guglielmo
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
(212) 223-6444

*Counsel for Plaintiffs and Class Counsel*

RECEIVED

FEB -3 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| IN RE:<br><br>NUTELLA MARKETING AND. SALES PRACTICES LITIGATION | Master Docket 11-1086(FLW)(DEA)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS AND APPROVING CLASS NOTICE** |
|---|---|

THIS MATTER having been opened to the Court by Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Scott + Scott, LLP, Class Counsel for Plaintiffs Marnie Glover and Jayme Kaczmarek ("Plaintiffs"), and Norris McLaughlin & Marcus and Wilson Sonsini

Goodrich & Rosati, attorneys for Defendant Ferrero U.S.A., Inc. ("Defendant") by way of Joint Motion for preliminary approval of the proposed Settlement in the above matter;[1] and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations lasting several months. The Settlement Agreement is not the result of collusion. The Settlement bears a reasonable relationship to the claims alleged by Plaintiffs and the Settlement is sufficiently within the range of reasonableness so that notice of the Settlement should be given to the members of the proposed class for their consideration as provided by this Order; and

WHEREAS, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law; and good cause appearing,

IT IS THIS __3rd__ day of ~~January~~ February, 2012

ORDERED as follows:

1. The terms of the Class Action Settlement Agreement dated January 10, 2012, including all exhibits thereto (the "Settlement Agreement," attached to the Declaration of James E. Cecchi dated January 10, 2011 ("Cecchi Decl.") as Exhibit 1) is preliminarily approved, subject to further consideration thereof prior to or at the Fairness Hearing provided for below.

2. The Court further finds, on a preliminary basis and for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The court conditionally certifies a Class of Settlement Class Members ("Class") as follows:

---

[1] Unless otherwise provided herein, capitalized terms are terms defined in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2

all persons throughout the United States who purchased one or more of Defendant's Nutella brand hazelnut spread products ("Nutella") in any state other than California, at any time from January 1, 2008 through the date of Preliminary Approval (the "Class Period"), other than for resale or distribution. Excluded from the Settlement Class Members are: Ferrero; Defense Counsel; any judge presiding over any of the actions that together comprise the Action or Related Actions; and any immediate family member of any such person(s).

3. The Court finds that the requirements of Fed. R. Civ. P. 23(a) are satisfied for settlement purposes only, as follows:

(a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that, in the context of settlement, there are common issues of law and fact as follows:

(i) whether the terms of the proposed settlement are fair, adequate, and reasonable;

(ii) whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of Nutella;

(ii) whether Defendant represented that Nutella has characteristics, benefits, uses or qualities that it does not have;

(iii) whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution and sale of Nutella violated the NJCFA;

(iv) whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling and sale of

3

                Nutella breached their express and implied warranties to Plaintiffs and the Class; and

      (v)    whether Defendant's conduct, as set forth herein, injured members of the Class and whether they have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be provided.

(c)    Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives (as defined below) are typical of the claims of the Class.

(d)    Pursuant to Fed. R. Civ. P. 23(a)(4), in the context of settlement, the Class Representatives will fairly and adequately protect and represent the interests of all members of the Class, and the interest of the Class Representatives are not antagonistic to those of the Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

4.    The Court preliminarily appoints the following as Class Representatives: Marnie Glover and Jayme Kaczmarek.

5.    The Court finds that the Settlement Notices attached as Exhibits C and D to the Settlement Agreement and the Claim Form attached as Exhibit A to the Settlement Agreement have satisfied the requirements of Rule 23(c)(2) and Due Process and accordingly approves those Settlement Notices. The Court further approves the Notice Program described in the Settlement Agreement.

6.    The Court further directs that Rust Consulting, Inc. be appointed as the Claims Administrator, and consistent with the Notice Program set forth in the Settlement Agreement,

directs the Claims Administrator to provide notice to the Settlement Class in the following manner:

(a) Published in the following magazines: People Magazine, Woman's Day, Parents, and Ser Padre. Subject to availability, the settlement notices shall be published in the foregoing publications no later than 90 days after the date hereof, or 90 days after Preliminary Approval of settlement is granted in *In Re Ferrero*, Case No. 3:11-cv-00205 (S.D.Cal.), whichever is later.

(b) Published on the following third-party websites: 24/7 Real Media Network - Parenting Channel (5 million impressions) and Facebook (10 million impressions). Subject to availability, the settlement notices shall be published on the foregoing websites no later than 90 days after the date hereof, or 90 days after Preliminary Approval of settlement is granted in *In Re Ferrero*, Case No. 3:11-cv-00205 (S.D.Cal.), whichever is later.

(c) No later than 30 days after the date hereof, or 30 days after Preliminary Approval of settlement is granted in *In re Ferrero*, Case No. 3:11-cv-00205 (S.D. Cal.), whichever is later, the Claims Administrator shall establish the Settlement Website which shall contain the Settlement Agreement, Class Notice and information relating to filing a claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings and other information relevant to the Settlement. The Settlement Website shall also contain an electronic Claim Form to allow on-line submission of claims as well as a Claim Form which can be downloaded, printed and mailed to the Claims Administrator.

7. In addition to the foregoing, Class Counsel shall post on their respective websites a copy of the Publication and Website Notices along with a link to the Settlement Website.

8. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the putative Class and hereby appoints Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. and Scott + Scott, LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

9. The Court finds that the settlement fund escrow established pursuant to the Settlement Agreement (the "Settlement Fund") is a "qualified settlement fund" as defined by Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

    (a) The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

    (b) The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

    (c) The assets of the Settlement Fund are segregated from other assets of the Defendants, the transferor or payments to the Settlement Fund.

10. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

    (a) The Settlement Fund met the requirements of paragraphs 9(b) and (c) of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

  (b)  Defendants and Claims Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 9(b) and (c) of this Order or January 1, of the calendar year in which all requirements of paragraph 15 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

11. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on _July 9_, 2012, @ 10:00 to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; and (c) Class Counsel's application for an award of attorneys' fees and costs. The Fairness Hearing may be rescheduled by the Court without further notice to the Class other than which may be posted at the Court and on the Court's and Claims Administrator's websites.

12. Persons wishing to object to the proposed settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

  (a)  Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than 30 days before the Fairness Hearing. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

7

(b) If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Agreement unless an objection signed by the Settlement Class Member also is filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Class Notice 30 days before the Fairness Hearing.

(c) Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Nutella Marketing and Sales Practices Litigation,* Civil Action No. 11-1086(FLW)" and also shall contain information sufficient to identify and contact the objecting Settlement Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Settlement Class Member's objection, documents sufficient to establish the basis for their standing as a Settlement Class member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of Nutella or receipt(s) reflecting such purchase(s), the facts supporting the objection, and the legal grounds on which the objection is based. If an objecting party chooses to appear at the hearing, no later than 30 days before the Fairness Hearing, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

8

(d) Any Settlement Class Member who does not timely file and serve an objection containing the information set forth above and any witness to testify on behalf of such Settlement Class Member not identified to the parties shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

13. Any Settlement Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to be "excluded" from this Settlement. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than 30 days before the date set for the Fairness Hearing. The Request for Exclusion must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

14. Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement. Any Settlement Class Member who wishes to object must timely submit an objection as set forth in Paragraph 12 above. If a Settlement Class Member submits an objection and a written Request for Exclusion, s/he shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Settlement Agreement if approved by the Court. However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Settlement Agreement upon Final Approval of the Settlement.

15. Class Counsel shall submit papers in support of final approval of the Settlement no later than 45 days before the Fairness Hearing.

16. Class Counsel's final application for any Fee Award, and any documents submitted in support thereof, shall be filed no later than 45 days before the Fairness Hearing.

17. Class Counsel and Defendant shall file responses to objections, if any, to the Settlement no later than seven days before the Fairness Hearing.

18. In the event that the Settlement Agreement is terminated in accordance with the applicable provisions thereof, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims again Defendant and any other released party, and the Defendant and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

19. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence, of or an admission or concession by Defendants as to, the validity of any claim that has been or could have been asserted against any or all of them or as to any liability by any or all of them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

20. After consideration of issues relating to comity and the complexity of this action, the Court finds that allowing simultaneous proceedings and Related Actions in other fora relating to the claims in this action to be decided by another court would inhibit this Court's flexibility and authority to decide this case while substantially increasing the cost of litigation, creating risk of conflicting results, and wasting Court resources. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

21. Accordingly, in order to protect its jurisdiction to consider the fairness of this Settlement Agreement, to certify, if appropriate, a Class for settlement purposes, and to enter a Final Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any other state or federal court that seeks to address any parties' or Settlement Class Members' rights or claims relating to, or arising out of, any of the Released Claims. This injunction expressly applies to the Settlement Class Members and to all potential Settlement Class Members pursuing any Related Actions.

Dated: 2/3/12

FREDA L. WOLFSON, U.S.D.J.