# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NUTELLA MARKETING AND SALES PRACTICES LITIGATION | Civil Action No.:<br><br>3:11-cv-01086<br><br>Freda L. Wolfson<br>August 6, 2012<br>Courtroom 5E |



---

## BRIEF IN SUPPORT OF MOTION TO INTERVENE DANIEL GREENBERG

---

Daniel Greenberg
GREENBERG LEGAL SERVICES
55 Fontenay Circle
Little Rock, AR  72223
Phone: (501) 588-4245
Email: dngrnbrg@gmail.com

*In Pro Per*

## TABLE OF CONTENTS

Table of Contents .................................................... **Error! Bookmark not defined.**

Table of Authorities ....................................................................................... 3

INTRODUCTION ......................................................................................... 4

ARGUMENT ................................................................................................ 5

I.   GREENBERG   SHOULD   BE   PERMITTED   TO   INTERVENE
     UNDER FED. R. CIV. P. 24(B) ........................................................... 5

CONCLUSION ............................................................................................. 8

CERTIFICATE OF SERVICE ..................................... **Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Cases**

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) .................................................................. 6

*Dewey v. Volkswagen AG,* 681 F.3d 170 (3d Cir. 2012) ..................................................... 4

*In re Fine Paper Antitrust Litig.,*  751 F.2d 562 (3d Cir. 1984) ............................................. 4

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*  55 F.3d 768 (3d Cir. 1995) ....... 4

*In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333 (E.D. Pa. 2004) ........................... 6, 8

*In re Mercury Interactive Secs. Litig,*  618 F.3d 988 (9th Cir. 2010) ....................................... 6

*Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994) ......................................... *passim*

**Rules**

Fed. R. Civ. P. 24(b) ........................................................................................... *passim*

L. Civ. R. 5.3(c)(4) ................................................................................................. 5-6

## INTRODUCTION

On the eve of the fairness hearing class counsel filed an expert report of R. Larry Johnson ("Johnson Report" or "Report") under seal (Dkt. No. 90)[1], such that it is shrouded from the eyes of all sixteen adverse objectors. The next day, July 3, a magistrate judge issued an order granting the motion to seal. Dkt. No. 94 ("Seal Order"). This is wrong. It is a violation of Rule 23 and Rule 23(h) to "sandbag" and introduce new evidence well after the objection deadline to defend an indefensible settlement and attorney-fee request; for this reason, objector Daniel Greenberg will move to strike the Johnson Report in a separate motion. At a minimum, if the Court is to consider the Report, class members must have a full and fair opportunity to respond to it—which they cannot do if it is under seal and objectors have had no opportunity to review the Report. Thus, Greenberg is moving in the alternative to

---

[1] A redacted version of this report has now been filed as Dkt. No. 89-10, but this is insufficient. The soundness and reliability of Mr. Johnson's methods are still obscured from objectors' eyes. Contrary to class counsel's suggestions, the Third Circuit is very clear that *Daubert* does apply at fairness hearing proceedings. *Dewey v. Volkswagen AG*, 681 F.3d 170, n.18 (3d Cir. 2012) (analyzing the admission of evidence at the fairness hearing under *Daubert*); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 807 (3d Cir. 1995) (gainsaying the reliability and methodology of plaintiffs' witness in valuing the settlement relief); *cf. also In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 584 (3d Cir. 1984) ("Plainly, therefore, the hearing on a fee application in an equitable fund case requires compliance with those procedural rules which assure fair notice and an adequate opportunity to be heard. Equally plainly, the requirement of an evidentiary hearing demands the application in that hearing, of the Federal Rules of Evidence.").

---

reconsider and deny the Seal Order, to unseal the Report, and to continue the fairness hearing until objectors have had a reasonable opportunity to review the Report and, if necessary, conduct discovery.

One reading of L. Civ. R. 5.3(c)(4) suggests that an objector must intervene to move to unseal an improperly sealed document. Thus, if the Report is not stricken, to protect the interests of class members and to protect his own interest as a class member, Proposed Intervenor Daniel Greenberg moves, in an abundance of caution, to intervene in this action pursuant to Fed. R. Civ. P. 24(b), for the limited purposes of unsealing the Johnson Report and possibly conducting discovery on Johnson. It would be reversible error to deny permissive intervention for this limited purpose. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

## ARGUMENT

## I.  GREENBERG SHOULD BE PERMITTED TO INTERVENE UNDER FED. R. CIV. P. 24(B)

Daniel Greenberg is a class member in this case who timely filed his objection on June 8 (Dkt. No. 77).

Rule 24(b) provides for permissive intervention as long as a timely application is made and the "applicant's claim . . . and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). As part of this determination, the courts consider "whether the intervention will unduly delay or prejudice the adjudication of

---

the rights of the original parties." *Id.* Both prongs are satisfied. First, the Third Circuit has firmly held "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy*, 23 F.3d at 778 (citing cases). *Accord* L. Civ. R. 5.3(c)(4) ("Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access."). The principles of *Pansy* apply in equal force to the class action setting. *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333 (E.D. Pa. 2004) (granting permissive intervention to modify protective confidentiality order). Furthermore, not only does Greenberg have an the same robust interest that the general public possesses in the general accessibility of judicial documents (see generally *Pansy*), he has an even greater interest in the confidentiality order as a litigant in this case, who will be speaking in opposition to the settlement without fair notice of the grounds upon which approval is sought. *Cf. In re Mercury Interactive Secs. Litig*, 618 F.3d 988 (9th Cir. 2010).

Second, the motion is timely.  Greenberg's motion to intervene comes as soon as practically possible after he became aware that his rights were at risk—just three business days after the evening of July 2, when the Report was filed. Because of *Devlin v. Scardelletti*, 536 U.S. 1 (2002), which permits appeal without intervention of a Rule 23 settlement approval, Greenberg had no reason to intervene at an earlier time. If the Court will not grant a motion to unseal without intervention, and if the Court will not

strike the late-submitted Report, intervention is now required to preserve both objectors' right to access evidence that the plaintiffs proffer in support of settlement and to preserve both the class's and the public's right to access documents material to the possible judicial approval of a public class action settlement. *Pansy* decisively determines the question of the timeliness of Greenberg's intervention: Greenberg is seeking to intervene to challenge a confidentiality order while the case is pending, while "the growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." 23 F.3d at 779. *A fortiori*, Greenberg's intervention, made well before the termination of the case, is timely.

The questions of law and fact Greenberg will raise in any proceeding where he is permitted to intervene are coterminous with those he raised in his objection, which the court will consider as part of the Rule 23 fairness hearing. No unwarranted delay or prejudice to the existing parties will occur if the motion to intervene is granted and The Report is unsealed. The parties should have filed any material evidence in support of settlement a reasonable period of time before objections were due. Any delay is the result of plaintiffs' sandbagging with late-filed evidence, rather than because of Greenberg seeking to protect his rights; thus there is no undue prejudice from this motion.

## CONCLUSION

This Court need not look beyond *Pansy* and *Linerboard* to see that Greenberg's motion to intervene pursuant to Fed. R. Civ. P. 24(b) should be granted. Neither party has any interest in making material settlement information available to the class or the public at large. Both the plaintiffs and defendants are only concerned with winning approval for this settlement, regardless the cost to the fair administration of justice. Greenberg's motion to intervene should be granted


Dated:  July 5, 2012                         Respectfully submitted,


                                             */s/ Daniel Greenberg*
                                             Daniel Greenberg
                                             55 Fontenay Circle
                                             Little Rock, AR 72223
                                             Telephone:  (501) 588-4245
                                             Email:  dngrnbrg@gmail.com
                                             *In pro per*

## CERTIFICATE OF SERVICE

The undersigned certifies he caused to be served via FedEx overnight shipment a copy of this Motion to Intervene and accompanying documents upon the following attorneys as indicated in the class notice:

| | |
|---|---|
| Clerk of Court<br>U.S. District Court of the District of New Jersey<br>Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street, Room 2020<br>Trenton, NJ 08608 | Chambers of Freda Wolfson<br>U.S. District Court of the District of New Jersey<br>Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street<br>Trenton, NJ 08608 |
| Joseph P. Guglielmo<br>Scott & Scott LLP<br>500 Fifth Avenue, 40th Floor<br>New York, NY 10110 | Keith E. Eggleton<br>Colleen Bal<br>Dale R. Bish<br>Wilson Sonsini Goodrich & Rosati P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304 |
| James E. Cecchi<br>Carella, Bryne, Cecchi, Olstein, Brody & Agnello P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068 | |

The undersigned also certifies that he caused to be served via First Class Mail a copy of this Motion to Intervene and accompanying documents upon the following objectors of record:

| | |
|---|---|
| Sherri Johnson<br>7522 Holly Hill Drive, #59<br>Dallas, TX 75231 | Daniel Sibley<br>Katie Sibley<br>5623 Martel Ave.<br>Dallas, TX 75206-5619 |
| Janis Johnson<br>3141 Hood Street, Suite 200<br>Dallas, TX 75219 | Jenny Iriarte<br>2414 N. Akard Street, #701<br>Dallas, TX 75201 |

| | |
|---|---|
| Sylvie Bader<br>1712 North Roosevelt Street<br>Arlington, VA 22205 | John J. Pentz, Esq.<br>19 Widow Rites Lane<br>Sudbury, MA 01776 |
| Chris Andrews<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | Amy Ades<br>c/o Lester L. Levy<br>Wolf Popper LLP<br>845 Third Avenue<br>New York, NY 10022 |
| Clark Hampe<br>4063 Dunhaven Road<br>Dallas, TX 75220 | Robert Falkner and Kristen Streeter<br>c/o Forrest S. Turkish<br>595 Broadway, Ground Fl<br>Bayonne, NJ 07002 |
| Agatha Bochenek, Brandon Goodman<br>and Edward Haegle<br>c/o Christopher V. Langone<br>207 Texas Lane<br>Ithaca, NY 14850 | Jim B. Cloudt, Asst. Attorney<br>General<br>Financial and Tax Litigation<br>Division<br>300 W. 15th Street<br>Austin, TX 78701 |
| Gary W. Sibley<br>The Sibley Firm<br>2414 North Akard Street, Suite 700<br>Dallas, TX 75201 | |

I declare under penalty of perjury that the foregoing is true and correct

*/s/ Adam Schulman*

SIGNATURE

July 5, 2012

DATE