James E. Cecchi
Lindsey H. Taylor
Donald E. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Christopher M. Burke
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, California 92101
(619) 233-4565

Joseph P. Guglielmo
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 223-6444

*Counsel for Plaintiffs and Class Counsel*

RECEIVED
JUL 3 1 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>NUTELLA MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. 11-1086(FLW)(DEA)<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

THIS MATTER having been opened to the Court by counsel for the Plaintiffs and the Class for final approval of the proposed class action settlement (the "Settlement"), in accordance with the Class Action Settlement Agreement dated January 10, 2012 (the "Agreement") and for an award of attorneys' fees and costs and approval of incentive awards; and

WHEREAS, the Court finds that is has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement was entered into at arm's length by experienced counsel and only after extensive negotiations. The Settlement is not the result of collusion. The Class has received the best notice practicable under the circumstances. The Settlement is fair, reasonable, and adequate;

WHEREAS the Court finds that the Gross Settlement Fund of $2,500,000 is fair and reasonable;

WHEREAS the Court finds: attorneys' fees in the amount of 25% of the Gross Settlement Fund of $2,500,000 and $500,000 in connection with the Injunctive Relief obtained and costs in the amount of $78,888 and the incentive award of $2,000 to each Class Representative is fair and reasonable; and

WHEREAS, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of the governing law; and for good cause shown;

IT IS THIS 30th day of July, 2012:

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Agreement.

2. The "Settlement Class" consists of and is hereinafter defined as:

[A]ll persons throughout the United States who purchased one or more of Defendant's Nutella brand hazelnut spread products ("Nutella") in any state other than California, at any time from January 1, 2008 through February 3, 2012 (the "Class Period"), other than for resale or distribution. Excluded from the Settlement Class Members are: Ferrero; Defense Counsel; any judge presiding over any of the actions that together comprise the Actions or Related Actions; and any immediate family member of any such person(s).

3. Attached hereto and incorporated into this Order as Appendix A is a schedule of all such persons who have timely and validly requested to be excluded from the Settlement Class.

4. The Court finds that the proposed Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

5. Based upon the Court's familiarity with the claims and parties, the Court finds that Marnie Glover and Jayme Kaczmarek adequately represent the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class.

6. The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Class Counsel pursuant to Rule 23:

Counsel for the Class

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Christopher M. Burke
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
(619) 233-4565

Joseph P. Guglielmo
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110
(212) 223-6444

7. The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and

the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly, the Settlement is finally approved by the Court.

8. The Final Approval Order and Judgment as provided under the Agreement should be entered. Such order and judgment shall be fully binding with respect to all members of the Class and shall have res judicata, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses that are based on or in any way related to any of the claims for relief, causes of action, suits, damages, debts, contracts, petitions, demands in law or equity, or any allegations of liability, obligations, promises, attorneys' fees, costs, interests, or expenses that were asserted in the two complaints

9. The complaints in these two actions are dismissed with prejudice, and the claims against Defendant are released.

10. Settlement Class Members requesting exclusion from the Class shall not be entitled to receive any reimbursement as described in the Agreement, long form Settlement Notice, Claim Form, and Publication Notice.

11. The Settlement Administrator shall distribute the proceeds of the Settlement Fund, in accordance with the terms of the Agreement, to each Settlement Class Member who timely submitted a properly executed Claim Form.

12. Class Counsel may pay from the Cash Settlement Amount to the Claims Administrator, without further approval from Defendant or the Court, the reasonable costs and expenses up to the sum of $498,000 associated with the establishment of the Settlement Website and the Claims Administration Expenses, including without limitation, the actual costs of Class

Notice, and any expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

13. Class Counsel is hereby awarded: (i) 25% of the Gross Settlement Fund of $2,500,000; (ii) costs in the amount of $78,888: (iii) and $500,000 in connection with the Injunctive Relief obtained.

14. Each Class Representative is awarded $2,000 for incentive awards.

15. The awarded attorneys' fees and costs, and Class Representative incentive awards are to be paid and distributed in accordance with the Settlement executed by counsel.

16. The Court authorizes Class Counsel to allocate the fee award among Plaintiffs' Counsel.

17. Each and every term and provision of the Agreement and Settlement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

18. The terms of this Final Approval Order and Judgment, and the Settlement are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

19. The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

20. Other than as set forth in the accompanying Order Approving Fees and Incentive Award, the Parties shall bear their own costs and attorneys' fees.

21. The releases set forth in the Settlement and Agreement are incorporated by reference.

22. The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

23. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid request for exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant in any court or tribunal asserting any of the claims released by the Settlement or Agreement, and are hereby permanently enjoined from so proceeding.

24. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over these Actions, the parties and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the parties' ability to exercise their rights under Paragraph 16 above.

25. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendant, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

26. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

_____
FREDA L. WOLFSON, U.S.D.J.

**EXHIBIT A**

Lydia Hatfield, Milton, CA
Jason Frost, Cohutta, GA
Wendy Shook, Leesburg, GA
Victoria Nedospasova, Tuscaloosa, AL