UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>NUTELLA MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. 11-1086(FLW)(DEA) |

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO IMPOSE AN APPEAL BOND**

---

James E. Cecchi
Lindsey H. Taylor
Donald E. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Joseph P. Guglielmo
SCOTT+SCOTT LLP
The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY 10174
(212) 223-6444

Christopher M. Burke
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
(619) 233-4565

*Class Counsel*

## TABLE OF CONTENTS

                                                                               **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 4

    A.  Requiring the Objector-Appellants to Post an Appeal Bond as a Condition to Prosecuting Their Appeals is Appropriate ............................................................................ 4

    B.  A Bond of $42,500 is Necessary to Cover the Costs of the Appeal ................................. 10

CONCLUSION ........................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**
*Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998)..................................................................................5
*Bogart v. King Pharm.*, 493 F.3d 323 (3d Cir. 2007) .....................................................................9
*Brytus v. Spang & Co.*, 203 F.3d 238 (3d Cir. 2000).....................................................................9
*Devlin v. Scardelletti*, 536 U.S. 1 (2002) .....................................................................................11
*Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170 (3d Cir. 2012) ......................................10
*Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975)................................................................................2
*In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*,
    695 F. Supp. 2d 157 (E.D. Pa. 2010) ................................................................................ 5, 12
*In re Cardizem CD Antitrust Litig.*, 391 F.3d 812 (6th Cir. 2004) .................................................7
*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001)................................................................2
*In re Checking Account Overdraft Litig.*,
    No. 1.09-MD-02036 JLK, 2012 WL 456691 (S.D. Fla. Feb. 14, 2012)..................... 14, 15
*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL
22417252 (D.Me. Oct. 7, 2003) ................................................................................................15
*In re Diet Drugs Products Liab. Litig.*, MDL No. 1203,
    2000 WL 1665134 (E.D. Pa. Nov. 6, 2000) ............................................................ 5, 12, 13
*In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289 (S.D.N.Y. 2010) .............................4
*In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184 (GEB),
    2007 WL 1963063 (D.N.J. July 2, 2007)................................................................. 5, 12, 13
*In re MagSafe Apple Power Adapter Litig.*, No. C 09-01911 JW,
    2012 WL 2339721 (N.D. Cal. May 29, 2012) .........................................................................11
*In re Pharm. Indus. Avg. Wholesale Price Litig.*, 520 F. Supp. 2d 274 (D. Mass. 2007).........6, 15
*In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.*, No. 11-MD-2247 ADM/JJK,
    2012 WL 3984542 (D. Minn. Sept. 11, 2012) ....................................................................14
*In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 2:06-CV-00225-PMP-PAL,
    2010 WL 786513 (D. Nev. Mar. 8, 2010) ............................................................... 6, 12, 14
*Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW,
    2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) ........................................................................14
*Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002)...................................................5
*Sckolnick v. Harlow*, 820 F.2d 13 (1st Cir. 1987).........................................................................12
*Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) ...............................11
*Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011) .....................................................7
*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012) .............................10
*Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985) ................................................................................4
**Statutes**
28 U.S.C. §1920............................................................................................................................13
**Rules**
Fed. R. App. P. 39(e) ....................................................................................................................13
Fed. R. App. P. 7............................................................................................................................4
Fed. R. Civ. P. 23............................................................................................................................1

## PRELIMINARY STATEMENT

On February 3, 2012, this Court granted preliminary approval to the Settlement[1] in this matter pursuant to Fed. R. Civ. P. 23. *See* ECF No. 67. After distribution of notice to the settlement class, the Court received only seven objections to the Settlement from sixteen putative class members.[2] On July 9, 2012, this Court held a fairness hearing at which counsel for several objectors personally appeared and presented argument in support of their respective objections. After thoroughly addressing the parties' and objectors' arguments, *see generally* July 9, 2012 Final Approval Hearing Transcript ("Hearing Tr."), the Court granted the Settlement final approval, but drastically reduced the amount of requested attorneys' fees, and entered final judgment on July 31, 2012. *See* ECF No. 105. Now, the Bochenek Objectors (who appeared through their counsel at the fairness hearing), the Sibley Objectors and Objector Hampe (who did not appear at the hearing) (collectively, the "Objector-Appellants") have filed three separate notices of appeal, despite that the Court effectively mooted their objections relating to the Settlement and the amount of the attorneys' fees requested. *See* ECF Nos. 105-07.

In order to prevail on appeal, the Objector-Appellants will have to demonstrate that this Court's approval of the Settlement amounted to an abuse of discretion. *See In re Cendant Corp.*

---

[1] All capitalized terms not otherwise defined are defined in the Class Action Settlement Agreement ("Settlement"). ECF No. 62-3.

[2] *See* Objection of Robert Falkner and Kristen Streeter ("Falkner Objectors"), ECF No. 72; Objection of Agatha Bochenek, Brandon Goodman and Edward Hagele ("Bochenek Objectors"), ECF No. 76 ("Bochenek Obj."); Objection of Daniel Greenberg and Sylvie Bader, ECF No. 77; Objection of Chris Andrews, ECF No. 78; Objection of Clark Hampe ("Objector Hampe"), ECF No. 79 ("Hampe Obj."); Objection of Amy Ades, ECF No. 84; Objection of Gary W. Sibley, ECF No. 86 ("Sibley Obj."); and Objection of Katie Sibley, ECF No. 80; Objection of Jenny Iriarte, ECF No. 81; Objection of Daniel Sibley, ECF No. 82; Objection of Janis Johnson, ECF No. 83; Objection of Sherri Johnson, ECF No. 85 ("Sibley Form Obj.") (collectively with Gary Sibley, the "Sibley Objectors"). Further, one state official who received notice under 28 U.S.C. §1715 objected to the Settlement. *See* May 30, 2012 Ltr. of Jim B. Cloudt, Asst. Attorney General of the State of Texas.

*Litig.*, 264 F.3d 201, 231 (3d Cir. 2001). In a lengthy opinion on the record, the Court certified the class for settlement purposes, undertaking a detailed analysis of the factors under Rules 23(a) and (b)(3), and found the Settlement to be fair, reasonable and adequate under Rule 23(e), taking into consideration each of the factors enumerated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). *See* Hearing Tr. at 73:18-99:8. The Court also found notice of the Settlement to be adequate. *See id*. at 99:9-101:11; 127:17-128:9.

Although ancillary objections were made, the Objector-Appellants' principal objection was not to the fairness of the Settlement itself but that the injunctive relief obtained was overvalued such that the attorneys' fees requested were excessive. *See* Hampe Obj. at 1; Sibley Form Obj. at 2; Sibley Obj. at 7; Bochenek Obj. at 1, 9. The Court, after evaluating the papers submitted by all parties and hearing oral argument, lowered Plaintiffs' requested cash settlement fee award from 30% to 25% of the settlement fund (or from $750,000 to $625,000) and reduced the requested injunctive relief fee award from $3 million to $500,000 for the injunctive relief obtained. *See* Hearing Tr. at 110:13-123:6. Given this Court's meticulous scrutiny of both the Settlement and the amount of the requested attorneys' fees, it is inconceivable upon what basis the Objector-Appellants have to appeal. In short, it is highly unlikely that the Objector-Appellants will be able to meet their burden on appeal to demonstrate that this Court abused its discretion in approving the Settlement or in granting the attorneys' fees awarded.

The Objector-Appellants[3] and/or their counsel[4] are serial objectors. These appeals, which lack any legitimate bases, can only be viewed as yet another attempt to delay payment to the

---

[3] Katie and Daniel Sibley jointly objected to the settlement in *Kardonick v. JPMorgan*, No. 10-cv-23235-WMH (S.D. Fla.), ECF No. 339. Although Daniel had to withdraw his objection because the credit card account was only signed by Katie, *id.*, ECF No. 370, Katie appealed the decision approving the settlement only to later voluntarily dismiss that appeal when she "settled" with the parties. *Id*., ECF No. 450. Daniel Sibley, with Gary Sibley as his attorney, appealed the

thousands of class members who will obtain a recovery and to hijack a settlement in an effort to extract a fee from class counsel in exchange for dismissing their appeals. As the court in *Barnes v. Fleetboston Fin. Corp.*, remarked:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors.

---

decision approving the settlement in *Dewey v. Volkswagen AG*, 07-cv-2249-FSH-PS (D.N.J.), ECF No. 268. Although the Third Circuit reversed and remanded, it was not on the basis of the Sibley objections. *See Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 181, 190 (3d Cir. 2012). Janis Johnson previously objected in *In re: Fossil, Inc. Deriv. Litig.*, No. 06-cv-01672-F (N.D. Tex.), ECF No. 201, with Gary Sibley as her attorney. This objection later had to be withdrawn because she could not offer proof of beneficial ownership during the relevant time period. *Id.*, ECF No. 208. Gary Sibley also objected on behalf of himself to no effect in *Shabaz v. Polo Ralph Lauren Corp.*, No. 07-cv-1349 (C.D. Cal.), ECF No. 121. Lastly, Gary Sibley also represented objector George Sibley in *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 645 (5th Cir. 2012), where the Fifth Circuit affirmed the district court's approval of the settlement.

Clark Hampe previously has objected in *Kardonick*, No. 10-cv-23235-WMH (S.D. Fla.), ECF No. 341, along with Katie and Daniel Sibley, and in *Baby Products Antitrust Litigation*, No. 06-cv-00242 (E.D. Pa.), ECF No. 752, with Daniel Greenberg. In both cases, Hampe appealed the district court's approval of the respective settlements. *Kardonick*, No. 10-cv-23235-WMH (S.D. Fla.), ECF No. 401; *McDonough v. Toys "R" Us, Inc.*, No. 06-242-AB (E.D. Pa.), ECF No. 796. While the *Baby Products* appeal is still pending, *see In re Baby Products*, No. 12-01165 (3d Cir.), Hampe voluntarily dismissed the *Kardonick* appeal. *Kardonick*, No. 10-cv-23235-WMH (S.D. Fla.), ECF No. 450.

[4] The Bochenek Objectors' counsel, Christopher V. Langone, is a professional objector who has litigated consumer protection cases and objected on behalf of himself and other class members in at least five other actions, including one in this District. *See Hall v. AT&T Mobility*, No. 07-cv-05325-JLL-ES (D.N.J.), ECF No. 532 at 3-4. The same objections Langone makes here, he made in *Hall*. *Compare* Bochenek Obj. *with Hall*, CIV.A. 07-5325 JLL, 2010 WL 4053547, at *17 (D.N.J. Oct. 13, 2010). In *Hall*, the Court methodically, and emphatically, disposed of each of Langone's objections. *Id.*, at *12, *17-*18. After the district court approved the settlement, Langone took an appeal, which he subsequently voluntarily withdrew. *See Larson v. AT&T Mobility LLC*, No. 10-4349 (3d Cir. Sept. 14, 2011), ECF No. 003110649682.

3

*Id.*, No. 01-10395-NG (D. Mass. Aug. 22, 2006), slip op. at 2 (attached as Exhibit A hereto).  *See also In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 n. 37 (S.D.N.Y. 2010) ("Federal courts are increasingly weary of professional objectors . . . [with] objections [that] were obviously canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests." (internal quotation marks omitted)).  For the reasons set forth below, Plaintiffs request that this Court require the Objector-Appellants to post a bond in order to continue prosecuting their appeals of this Court's final judgment approving the Settlement.  Plaintiffs respectfully request that the bond be set at $42,500, and that the Court also order that each person maintaining an appeal is jointly and severally liable for posting the ordered bond.

### ARGUMENT

**A.   Requiring the Objector-Appellants to Post an Appeal Bond as a Condition to Prosecuting Their Appeals is Appropriate**

The Federal Rules of Appellate Procedure empower district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  The Court therefore retains jurisdiction "during the pendency of an appeal" to order Rule 7 bonds.  *See Venen v. Sweet*, 758 F.2d 117, 120-21, n.2 (3d Cir. 1985).  The purpose of Rule 7 is to protect an appellee against the risk of non-payment by an unsuccessful appellant.  *See Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) (citation omitted).  The questions of the need for a bond as well as its amount are left to the discretion of the trial court.  *See* Fed. R. App. P. 7, 1979 advisory committee notes.  "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal."  *Adsani*, 139 F.3d at 79 (citation omitted).

District courts in this Circuit addressing the necessity of an appeal bond in class action cases have focused not on whether a bond should be required, but rather on the amount of the bond. *See In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 164-67 (E.D. Pa. 2010) (ordering $25,000 cost bond for appeal of class action settlement); *In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184 (GEB), 2007 WL 1963063 (D.N.J. July 2, 2007) (same); *In re Diet Drugs Products Liab. Litig.*, MDL No. 1203, 2000 WL 1665134 (E.D. Pa. Nov. 6, 2000) (same). The court in *In re Insurance Brokerage* recognized that in the class action context an appeal bond is "necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals." *In re Ins. Brokerage*, 2007 WL 1963063, at *2 (citation omitted); *see also Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986 CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006) (imposing appeal bond on class member appealing settlement on behalf of entire class when impact of appeal would be "highly detrimental" as it would stay "both the entry of final judgment on all claims [] and payment to all Class members.").

Courts have imposed bonding requirements on appealing objectors when it is clear from the outset that the proposed appeal lacks merit in recognition of the fact that plaintiffs will incur significant expense in opposing these frivolous objections. *See, e.g.*, *In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 2:06-CV-00225-PMP-PAL, 2010 WL 786513, at *2 (D. Nev. Mar. 8, 2010) ("The Court further finds that the four Objectors should be required to file an appeal bond sufficient to secure and ensure payment of costs on appeals which in the judgment of this Court are without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal."); *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) ("[T]he class is likely to be damaged if the appeal is rejected and there are public policy

reasons to prevent frivolous objectors from threatening to hold up class distributions."); *Barnes*, No. 01-10395-NG, slip op. at 3 (attached as Exhibit A) ("[T]he burden of litigating frivolous appeals [should] shift[] to [the objectors] instead of to the class."); *Allapattah Servs.*, 2006 WL 1132371, at *16 ("The inconsistency of [the objector's] arguments renders them irretrievably flawed and reveals that the Objections filed by [the objector] are both frivolous and unhelpful to the resolutions of the issues in this case."); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004) ("[W]hile the district court may have overstated the weakness of the substantive objections raised by the [appealing objector] when it assessed them as 'bordering on the frivolous,' we agree they lack merit.").

Similarly here, it is clear that each of the Objector-Appellants' arguments are completely devoid of any merit and that it is likely that the Third Circuit will affirm this Court's approval of the Settlement. First, the Court thoroughly addressed each factor under Rule 23(a) and (b)(3), finding each satisfied. *See* Hearing Tr. at 73:18-86:2. Objector Hampe objected that "[t]he different state groups and claims are too disparate and involve too many individualized issues to be maintained as a class," obliquely invoking the Rule 23(b)(3) predominance requirement. Hampe Obj. at 2. The Third Circuit, however, has rejected the very argument Hampe makes, concluding "***state law variations are largely 'irrelevant to certification of a settlement class***[.]'" *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 303-04 (3d Cir. 2011) (footnotes omitted). Here, the Court found "class members and plaintiffs challenge the same alleged improper consumer practices by defendant. As such, there are no significant individual fact issues. Rather, the determination of the legal issues raised involve a 'common nucleus' of operative facts that underlies all of the claims asserted in this case." Hearing Tr. at 85:14-85:20.

The Court then found the Settlement was "fair, reasonable and adequate" pursuant to Rule 23(e), considering each *Girsh* factor. *See id.* at 87:1-99:8. The Sibley Objectors challenged the Settlement's *cy pres* award provision for any unclaimed funds as inappropriate. *See* Sibley Obj. at 2-5; Sibley Form Obj. at 1-2 (money should go to the class instead of "unnamed charities"); *see also* Hampe Obj. at 1 ("there are too many loose ends concerning what happens to overflow settlement funds."). The Court found this objection moot because the class fund will be exhausted. *See* Hearing Tr. at 71:24-72:5; *id.* at 126:21-22. The Bochenek Objectors also complained that there was collusion among the parties and the mediator. *See* Bochenek Obj. at 9. The Court adamantly rejected that there was any evidence of collusion. *See* Hearing Tr. at 32:1-23; 127:24-128:4. The Court also considered the objectors' arguments that notice was insufficient (*see* Hampe Obj. at 1; Sibley Obj. at 1-2, 5; Sibley Form Obj. at 1, 2; Bochenek Obj. at 2-6) and found that the notice was reasonable and adequate. *See* Hearing Tr. at 99:9-101:11; 127:17-128:9.

Next, the Court undertook a painstaking analysis of the attorneys' fee request. *See id.* at 101:12-123:6. The Objector-Appellants' principal objection was that the injunctive relief obtained was overvalued and that the attorneys' fees requested were excessive. *See* Hampe Obj. at 1 ("attorneys' fee award is grossly excessive … for injunctive relief that is illusory"); Sibley Form Obj. at 2 (the "injunctive relief is really worthless" and the "attorney fees are outrageous"); Sibley Obj. at 5 (the "[injunctive] changes are of little to no value"); *id.* at 7 ("the attorney fee petition in this Settlement is unreasonable because the Settlement is over-valued"); Bochenek Obj. at 1 ("Class Counsel seeks to take 70% of the cash paid for itself"); *id.* at 9 ("the injunction is of questionable value and effect"). Christopher Langone, counsel for the Bochenek Objectors presented oral argument. *See* Hearing Tr. at 38:2-41:4; 54:13-56:25. Even though the Sibley

7

Objectors and Objector Hampe did not personally appear, their objections were taken up by other objectors' counsel. *See* Hearing Tr. at 33:10-37:5 (Objector Daniel Greenberg argued as to the lack of value of the injunctive relief); *id*. at 41:9-42:4 (Counsel Lester Levy argued on behalf of Objector Amy Ades as to the lack of value of the injunctive relief).

The Court specifically recognized "the presence of some meaningful objections is probative in determining the appropriate fee." *Id*. at 113:17-19. The Court reduced attorneys' fees from 30% of the gross settlement fund to 25% (or from $750,000 to $625,000). *See id*. at 110:13-116:18. The Court also critiqued the value of the injunctive relief at length and reduced the injunctive fee award from $3 million to $500,000. *See id*. at 116:19-123:6. This is a 70% reduction in the requested attorneys' fee award. The Court specifically heard argument from the Bochenek Objectors regarding the applicability of *Bogart v. King Pharm.*, 493 F.3d 323 (3d Cir. 2007), and *Brytus v. Spang & Co.*, 203 F.3d 238 (3d Cir. 2000), and rejected the applicability of those cases since the Court did not intend to grant the full amount of attorneys' fees requested. *See* Hearing Tr. at 54:13-25. In light of the Court's thorough review of the attorneys' fees and Settlement, it is unlikely that the Objector-Appellants will be able to demonstrate on appeal that the Court has abused its discretion.

Aside from the fact that there are no legitimate bases for these appeals, the *bona fides* of these particular Objector-Appellants is suspect because they or their counsel routinely appeal the decisions granting final approval to class action settlements, which are then either withdrawn, presumably in exchange for cash, *see Larson v. AT&T Mobility, LLC*, No. 10-4349 (3d Cir.), ECF No. 003110649682 (voluntary withdrawal of appeal by Christopher Langone (the Bochenek Objectors' counsel)); *Kardonick v. JPMorgan*, No. 10-cv-23235-WMH (S.D. Fla.), ECF No. 450 (Katie Sibley and Clark Hampe voluntary withdrawal of appeal), or are unsuccessful. *See Dewey*

*v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 181, 190 (3d Cir. 2012) (Third Circuit reversed final approval of the settlement, but not on the basis of the objection by Daniel Sibley orchestrated by his attorney Gary Sibley); *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 645 (5th Cir. 2012) (Fifth Circuit affirmed the district court's approval of the settlement over objection of George Sibley represented by Gary Sibley).

Defending an appeal, even a frivolous one, is both time-consuming and expensive. Indeed, the pendency of this appeal will obligate Plaintiffs and Defendant to spend considerable additional time and money. What is most important, distribution of the settlement proceeds to Class members will be delayed for months, if not years, by this appeal, resulting in substantial monthly expenses incurred by the Settlement and claims administrator. Consequently, it is appropriate to require the Objector-Appellants to post an appeal bond to secure at least a portion of the costs of the appeals. Moreover, the reasonableness of Plaintiffs' request is further underscored by the fact that the Objector-Appellants include professional objectors and are disbursed throughout the United States, making the risk of non-payment significant. As such, because appellants are dispersed around the country, Class Counsel would be required to institute numerous collection actions to recover the costs incurred during appeal. Accordingly, there is a real risk of non-payment. *See In re MagSafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 2339721, at *2 (N.D. Cal. May 29, 2012) ("because Objectors are highly unlikely to prevail in their appeals, and because there is a significant risk of non-payment following appeal [where the objectors were outside the jurisdiction of the court of appeals], the Court finds that a bond is warranted.").

In light of this Court's thorough consideration of the objections and the deferential abuse of discretion standard governing these appeals, it is clear here that the Objector-Appellants are

9

engaged in an unabashed attempt to disrupt the Settlement, and "to simply extract a fee by lodging generic, unhelpful protests." *Devlin v. Scardelletti*, 536 U.S. 1, 23, n.5, (2002) (Scalia, J., dissenting) (citing *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 and n.18 (E.D. Tex. 2000)). By pursuing their intended appeals, the Objector-Appellants through their "professional objector" counsel (in the case of the Bochenek Objectors and the Sibley Objectors) seek to hold hostage the significant settlement proceeds to be distributed to the Settlement Class. Accordingly, it is appropriate for the Court to impose an appeal bond.[5]

### B.    A Bond of $42,500 is Necessary to Cover the Costs of the Appeal

"The nature and amount of the bond is a matter left to the sound discretion of the district court." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987). Importantly, however, the appeal bond should be sufficient to cover and secure the costs of the appeal. *See In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 786513, at *2. The Supreme Court defines "costs" to "refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). District courts in the Third Circuit have imposed substantial appeal bonds on appealing objectors in class action cases ***without any showing*** as to the actual costs to be incurred. *See, e.g.*, *In re Am. Investors Life Ins. Co.*, 695 F. Supp. 2d at 167 (ordering $25,000 cost bond for appeal of class action settlement); *In re Ins. Brokerage*, 2007 WL 1963063, at *3 (same); *In re Diet Drugs*, 2000 WL 1665134, at *6-*7 (finding $25,000 as a reasonable estimate and ordering that "Objectors shall be jointly and severally responsible for posting a $25,000.00 bond to ensure payment of costs incurred by the class on appeal should the class prevail"). Plaintiffs seek two categories of allowable costs: (1)

---

[5] To the extent the Court has any question as to the frivolous nature of the Objector-Appellants' respective appeals, Plaintiffs request that the Court either: 1) issue an order to show cause requiring each and every Objector-Appellant to appear before the Court and be examined by the Court and/or Class Counsel; or 2) allow Plaintiffs to depose each and every Objector-Appellant on the topic of the merits of his/her appeal.

the direct costs related to the appeal; and (2) the additional costs associated with administration of the Settlement caused by the delay in disbursement of the settlement fund to the Class.  As demonstrated below, $42,500 is a ***more than*** reasonable estimate of such costs.

Pursuant to 28 U.S.C. §1920 and Fed. R. App. P. 39(e), an appeal bond should provide for, *inter alia*, "the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs and other copying costs."  *In re Ins. Brokerage*, 2007 WL 1963063, at *2.  In the present case, Plaintiffs (and Defendant) are certain to incur hundreds, if not thousands, of dollars in costs associated with filing briefs to be prepared in multiple copies by a professional appellate printer.  *See* Fed. R. App. P. 39(c) (taxation of reproduction costs). The court in *In re Diet Drugs* recognized the difficulty in estimating the costs in a multi-objector appeal:

> Presumably, some of the objectors will utilize parts of the record and reproduce exhibits that others will not. Also, some objectors will likely raise different issues in their appeals than others, causing the class to incur either more or less expense than incurred defending the appeals of other objectors. Accordingly, the Objectors will be jointly and severally responsible for posting the $25,000.00 bond. The court believes that this arrangement will adequately secure recovery of costs should the class prevail but will not work a financial hardship on the exercise of the Objectors' rights to appeal.

*See In re Diet Drugs*, 2000 WL 1665134, at *6.  Plaintiffs estimate that it will cost nearly $2,500 to prepare 15 copies of their brief in opposition in each of the three appeals.[6]

---

[6]  3d Cir. L.A.R. 39.3(a) provides costs may be taxed on 10 copies of the brief to the Court, two copies to the prevailing party and one copy to each of the three sets of objectors, which amounts to 15 copies of the brief in opposition in each appeal, for a total of 45 copies.  Plaintiffs estimate that the brief with all tables and certifications would be approximately 65 pages.  3d Cir. L.A.R. 39.3(c)(2) also provides the rate for copying at $0.10 per page, $4.00 for binding each copy and $40.00 for each cover plus applicable sales tax (which is 8% in Philadelphia).  At these rates, production of Plaintiffs' brief in opposition would cost $2,454.30 for the three appeals. Even if Plaintiffs were to submit an omnibus brief, which would lower costs, this cost estimate does not include the cost of any additional appendix with materials the Objector-Appellants

Costs securable by a Rule 7 appeal bond can also include "the costs attendant to the delay associated with an appeal," *i.e.*, the ongoing costs of settlement administration while an appeal is pending. *Barnes*, slip op. at 1; *see also In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *5 (D. Minn. Sept. 11, 2012) ("The $20,000 bond requested by the Settlement Class for costs incurred by delay are reasonable and necessary. The costs of additional administration should be shouldered by the Objectors, particularly given the tenuous nature of their arguments."); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) ("the Court finds good cause to impose an appeal bond in the amount of $60,000, which represents solely the appellate costs and administrative costs requested by Plaintiff"); *In re Checking Account Overdraft Litig.*, No. 1.09-MD-02036 JLK, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012) (ordering a bond in excess of $616,000 because the appeal "prevent[ed] distribution of the Settlement proceeds as ordered by this Court's Final Judgment"); *In re Wal-Mart*, 2010 WL 786513, at *1-*2 (each of four objectors appealing from final approval of class action settlement required to post $500,000 bond in light of administrative costs and interest the class would lose as a result of the delay in compensation and injunctive relief due under the settlement agreement); *In re Pharm. Indus.*, 520 F. Supp. 2d at 279 (appealing objector required to post $61,000 bond for administrative costs that class will suffer as a result of delay in distribution from class action settlement); *In re Cardizem*, 391 F.3d at 815 (affirming imposition of bond that include $123,429 in the appeal bond amount for "incremental administration costs" due to a projected six-month delay); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *1-*2 (D.Me. Oct. 7, 2003) (concluding that costs of delay or disruption of settlement may be

---

failed to supply, motion practice for summary action under 3d Cir. L.A.R. 27.4 or any supplemental briefing that the Third Circuit might require.

included in a Rule 7 bond and granting $35,000 appeal bond).  Courts treat with particular disapproval the objections and appeals of "professional objectors," whose objections amount to a "tax that has no benefit to anyone other than to the objectors" but serves to "tie up the execution of [a] Settlement and further delay payment to the members of the Settlement Class...." *In re Checking Account Overdraft Litig.*, 2012 WL 456691, at *2.

Plaintiffs also will incur increased administrative expenses from the delay caused by the Objector-Appellants' appeals, which would include, among other expenses, additional costs necessary to extend website maintenance and to process and respond to written and verbal inquiries about the status of claims processing during the appeal.  Plaintiffs estimate the appeal could take up to 24 months to resolve based on the length of time from the filing of the notice of appeal and the final disposition in two recent class action cases where objectors appealed to the Third Circuit.  In *Dewey v. Volkswagen Aktiengesellschaft*, decided May 31, 2012, *see* 681 F.3d 170 (3d Cir. 2012), the objectors filed their notices of appeal 21 months earlier on August 20, 2010.  *See Dewey v. Volkswagen AG*, No. 07-cv-2249-FSH-PS (D.N.J.), ECF No. 268.  And, in *Larson v. AT & T Mobility LLC*, decided June 29, 2012, *see* 687 F.3d 109 (3d Cir. 2012), the objectors filed their notices of appeal more than 19 months earlier on February 12, 2010.  *See Sampang v. AT & T Mobility LLC*, No. 07cv5325-JLL (D.N.J.), ECF No. 461.  The Claims Administrator estimates the cost of a 24-month delay in increased settlement administration costs at approximately $40,000.  *See* Affidavit of Charlene Young Regarding Additional Claims Administration Costs Resulting From Appeal, at ¶3 and Ex. A.

Thus, Plaintiffs believe that $42,500 is a ***more than reasonable*** estimate of the costs to be incurred during the pendency of the appeals and for which Plaintiffs are entitled to security in the present circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an Order, pursuant to Rule 7 of the Federal Rules of Appellate Procedure, requiring the Objector-Appellants to collectively post a bond of $42,500 within 10 business days.

                                        CARELLA, BYRNE, CECCHI,
                                        OLSTEIN, BRODY & AGNELLO, P.C.
                                        *Attorneys for Plaintiff Kaczmarek and the Class*

                                        By:   /s/ James E. Cecchi
                                                   JAMES E. CECCHI

Dated: October 1, 2012

Joseph P. Guglielmo
SCOTT+SCOTT LLP
The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY 10174
(212) 223-6444

Christopher M. Burke
SCOTT+SCOTT LLP
707 Broadway, Suite 1000
San Diego, CA 92101
(619) 233-4565

*Counsel for Plaintiff Glover and Class Counsel*