Christopher V. Langone
Attorney at Law
207 Texas Lane
Ithaca, New York 14850
(607) 592-2661
Attorney for Objectors
Bochenek, Goodman & Hagele

180 North LaSalle, #3700
Chicago, IL 60602
(By Appt. Only)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE; | : | 11 CV 1086 |
| | : | (FLW/DEA) |
| NUTELLA MARKETING AND | : | |
| | : | Motion Date: |
| SALES PRACTICES LITIGATION | : | **January 22, 2013** |

**REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AS TO WHY THE SETTLEMENT AGREEMENT SHOULD NOT BE IMMEDIATELY IMPLEMENTED**

Plaintiffs Glover and Kaczmarek and Defendants have joined together to oppose the relief sought by the Bochenek objectors to immediately implement the settlement. They have not shown, however, why paragraph 55 of the Settlement Agreement – which explicitly severs fee issues from the remainder of the Settlement – should not be enforced. Paragraph 55 states,

in relevant part,

> "Notwithstanding any other provision in this Agreement to the contrary, the procedure for allowance (in whole or in part) …for attorney's fees, costs, and expenses … and any order or proceeding relating to the award of fees, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement and Settlement of the Action."

Settlement Agreement, Paragraph 55.

So movants are not asking this Court to re-write the agreement – they are asking this Court to enforce it.

In response, Class Counsel state:

> While the Langone Objectors have offered to limit their appeal to the issue of whether Class Counsel's fees should be paid solely by Ferrero out of the Settlement Fund, that offer has been in the context of a *quid pro quo* in return to some concession from Class Counsel, which Class Counsel are not willing to provide.

(Glover Response, p. 6). This is simply false. There was no request for a concession in exchange for the "offer" to limit the appeal. The appeal has always been so limited: Bochenek objectors stated this in the Concise statement they filed in the Third Circuit, in response to the brief to dismiss the appeal, and before this Court in the present motion. Counsel does not specify in any detail the alleged "context" in which a "concession" was demanded. There is

2

none, and no evidence before this Court of such.

The Bochenek objectors are not appealing any portion of this Court's orders, except the fees, which under Paragraph 55 are totally separate from the other issues.  Nutella should proceed with it's new labels and advertising campaign, and distribute the funds currently in escrow.

The appeals of the "other objectors" do not change the result.  Neither of the other objectors have filed anything opposing immediate distribution.  The Sibley objectors joined in the Bochenek brief in the Third Circuit, which explicitly states that immediate distribution is being sought, so they are on board with the request according to the pleadings.  The Hampe objectors have not opposed the motion to dismiss their appeal.  And neither the Sibley nor Hampe objectors validly objected to anything other than fees anyway.  All of this means Paragraph 55 should be enforced according to its terms.

Defendants state that the Bochenek objectors "presume they can control the shape and scope of issues considered by the Third Circuit of Appeals." (Ferrero Opposition Brief, at p. 2).  There is

3

nothing improper or presumptuous about such a presumption: an appellant is obviously the mater of their appeal – the appeals court cannot and will not consider issues beyond those appealed. There were no cross-appeals filed.

Defendants also state "Ferrero is not willing to risk distributing millions of dollars to class members simply to allow these three individuals to escape the consequences of their own actions, i.e., complying with the *supersedeas* bond ordered by this Court. (Ferrero Opposition Brief, p. 3). First, Ferroro would not be distributing "million**s**" of dollars. Under the current settlement there is 1.875 million dollars to distribute (less than 2 million). And Defendant has already paid over $1 million dollars to class counsel. Because the settlement fund was already reduced by $625,000 in attorneys' fees and hundreds of thousands in administrative expenses, there is not multiple "millions" to distribute.

Second, this Court did not order a *supersedeas* bond. This is the procedure objectors believe would have been proper – to order enforcement of the settlement and make objectors pose a

*supersedeas* bond to "supersede" – and thus stay – the judgment. Instead, this Court imposed a Rule 7 cost bond, which is different than a *supersedeas* bond. Contrary to the representations made by counsel, cost bonds cannot be satisfied by merely posting 10% -- a cost bond must be posted in full. Counsel for the Bochenek objectors has confirmed this with several bonding companies.

Thirdly, Defendants have contractually agreed not to oppose fee requests up to $3,000,000 on the injunctive side. This means that Ferrero is prohibited from opposing the Bochenek appeal, which requests the $2,500,000 this Court returned to defendant be instead awarded to the class. And class counsel would be in breach of its fiduciary duties if it opposes the appeal, which seeks $2.5 million more for the class.

The alleged costs of a second distribution do not justify denying the present motion. Indeed, if the Bochenek objectors prevail on appeal they will obtain more for the class than the $1.875 that currently exists in the settlement fund. On appeal, the Bochenek objectors seek $2.5 million more from Nutella and $625,000 from class counsel. If they prevail on appeal the class

5

will benefit to the tune of up to $3.1 million – almost twice what is currently in the fund.

If it is sensible to pay the class administrator $165,944 to distribute the $1.8 million (i.e., the current settlement, as approved), then it is *a fortiori* sensible to spend $165,944 to distribute an additional $3.1 million. The fact that there would be costs to a second distribution is the result of the conduct by Glover, Kaczmarek and Class Counsels efforts in opposing the Bochenek objectors efforts to obtain more money from Ferrero. This is an inexplicable breach o f their fiduciary duties to the class; if they perist (and succeed) in preventing the Bochenek objectors from obtaining this relief they will have breached their fiduciary duty to class and caused classwide damages in excess of $2.5 million dollars. The Bochenek objectors still hope this is not the case and the Class representatives will join their appeal (which defendants are contractually prohibited from opposing).

All of the references to Paragraphs 43, 47, and 48 are not relevant as Paragraph 55 states it applies "notwithstanding any other provision…to the contrary." Appeals regarding fees do not

6

stay the effect of the balance of the Settlement Agreement, which was approved and should be implemented.

                Respectfully,

                <u>s/ Christopher V. Langone</u>
                Counsel for Bockenek,
                Goodman, and Hagele